## Joseph H. Thompson v. Silas Alkire.

1. VENDOR AND VENDEE—*Belief no Reason for Non-performance.*— The mere fact that the vendor was induced to believe the vendee would not perform his part of the contract is no reason for non-performance by the vendor.

2. VENDOR AND VENDEE—*Equitable Estoppel.*—Where a vendee has so acted as to induce a belief in the mind of a reasonable person that the contract would be broken, and the vendor changes his position upon the strength of such belief, a court of equity upon a bill for specific performance by the vendee might bar the desired relief, and possibly in a court of law there might be a defense on the ground of estoppel.

Memorandum.—Action on a contract to convey real estate. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

E. WINTER and E. R. E. KIMBROUGH, attorneys for appellant.

CALHOUN, STEELY & JONES, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Appellee recovered a judgment against appellant for $250 damages for failing to convey real estate in pursuance of a contract in writing.

As stated in the brief of appellant the principal contention on the evidence is as to the value of the land on March 1, 1892.

Upon this point the evidence was conflicting, but there is no reason for our interference. There is abundant proof to sustain the verdict, and there is nothing to induce the belief that the jury failed to give proper weight to any of the testimony.

It was their province to reconcile the evidence if possible, and if not, to determine as best they could what was the fair value of the land.

It is not at all probable that another jury could reach a more accurate conclusion.

It is objected that the court refused to permit defendant to prove that the land contained ninety-two acres for the purpose of showing that the tender was insufficient.

The written contract describes the land as containing eighty acres, more or less—and according to plaintiff's testimony, not denied by defendant, at the time of the trade the defendant told him the tract contained eighty-seven and one-half acres. The tender was made on the basis of ninety acres, the real quantity being unknown, and was not objected to because insufficient in amount.

We think the court properly excluded the offered proof.

It is urged that by the fourth instruction given for plaintiff the jury were advised to add up the estimates given by the different witnesses and divide the gross sum by the number of witnesses. The instruction does not bear such construction and it is not to be presumed the jury so understood it.

It is also urged as error that the court refused the following instruction:

"The court instructs you, that if one party to an executory contract induces the other to believe, by his acts and proceedings subsequent to the execution of the contract. that he does not intend to perform the contract, the other party has a right to consider the contract at an end; and in this case, if the jury believe, from the evidence, that the plaintiff in this case, by his acts and proceedings, so induced the defendant to believe that he, plaintiff, did not intend to perform his part of the contract, then, and in that case, he can not recover in this case."

The mere fact that the vendor was induced to believe the vendee would not perform, was no reason for non-performance by the vendor. Had the vendee so acted as to induce a belief in the mind of a reasonable person that the contract would

be broken, and had the vendor changed his position upon the strength of such belief, so reasonably induced, another question would arise, and in a court of equity upon a bill for specific performance by the vendee, such a state of facts might bar the desired relief, and possibly in a court of law there might be a defense on the ground of estoppel. This we need not determine. The hypothesis of the instruction was clearly insufficient, and the court properly refused it. We find no substantial error and the judgment will be affirmed.